Mr. Woodrum, let's hear your side of it. Thank you, Your Honor. I would like to reserve three or four minutes for rebuttal of my time. So done. In September, the court asked the parties to address the question of whether the court has jurisdiction over this particular appeal. The court does have subject matter jurisdiction. Section 301 of the Labor Management Relations Act does give the federal judiciary authority at jurisdiction to hear cases involving agreements between labor unions and employers. In risk, the Supreme Court found that an action under Section 301 was appropriate where the arbitrator's decision was violent binding. This decision is violent binding. The arbitrator in this case was asked to decide the question of whether Black Beauty Coal Company and Peabody Holding Company were bound to a labor agreement known as the Jobs MOU, even in the absence of common ownership with the signatory company with whom the union had negotiated that agreement. So that was final. The arbitrator cannot revisit that under the finality rule. If we were to agree with you, will there ever be a bifurcated arbitration again? I believe there will. I think it is often the case that unions and employers... Yeah, that's often the case, but it's going to be after this argument if you win it. I can't see why anybody would agree to a bifurcated arbitration if you can appeal half of the arbitration. Well, many circuits already accept that as the rule that where parties bifurcate, then the arbitrator's decision... You're missing my point. You said when they bifurcate. I said why would you ever bifurcate then? Well, my point, Judge Shedd, is that employers and unions do it, and they do it in those circuits where that is the rule. It's an interesting question. You bifurcate, but at the same time you agree, did you not, to submit both parts of the bifurcated proceeding, liability and remedy to arbitration? No, not at that time. The parties did not present any damages. It was their intention to not present any remedy. I thought you consented for the remedial aspect of this whole problem to be resolved through arbitration. Well, if there ends up being a remedy... It's a very simple question, because I understood the facts to be exactly as Judge Wilkerson had this question. Are you saying you did not agree to submit damages as to damages to be decided by the arbitrator? If that does become an issue, yes. There's only one jobs monitor, so this person always hears every issue that comes up. You know, by the way, it won't help you now to shade the facts at all. You can have the facts and make your argument. But I thought I read this record to say everything, both the violation or the understanding of the memorandum and then the remedy, all of that was submitted to the arbitrator. Am I wrong about that? By submitted, Your Honor... Is that for him to decide? If that comes to be an issue, he will decide. Stop. What do you think in this context submitted means? I think it means that the parties have made their arguments, presented their briefs, and submitted that issue for decision. And that's what happened in this case. You don't think it means that we've agreed that we are going to be in a position to make arguments? Isn't that what submitting to an arbitrator means? That's what I'm using it as. We agreed to submit this to arbitration. That does not mean we've now made our arguments. That means we are now going to do all that in front of an arbiter. That's not what you understand submitted to mean. Well, in the context in which I'm using submitted... Use it in my context. Use it in my context. Didn't you agree to submit everything about the violation and or remedy to the arbitrator? Yes, in that sense, Your Honor. Normally, if you've agreed, sure you bifurcated, but you were going to submit both to arbitration and there was an agreement to do the same. Normally with district judges, I can't imagine a situation where we as an appellate court would say, well, the district judge found liability or I think there's liability. So why don't you appeal the liability phase up here and then a little bit later down the road we can do the remedial phase. Why doesn't this lead to just a regime of piecemeal appeals? I mean, the whole mainstay of the relationship between appellate and district courts lies in 1291, which is the final judgment rule. And that's absolutely central to the efficient resolution of disputes, which is a principle which transcends a particular argument here. And I don't understand how the district court felt that it had jurisdiction. There would be a distinction between jurisdiction and the complete arbitration rule. None of the circuits that even adopted... So you're distinguishing between a traditional subject matter jurisdiction and a prudential. Correct, Your Honor. So on subject matter jurisdiction, the court, I believe all the circuits agree in this context, the court would have jurisdiction. Talk about it in terms of prudential examination. It gets to the same question. Why would the district court entertain it? Why would we entertain it? Several reasons, Your Honor. First of all, the idea of arbitration is it's the mechanism the parties have chosen to resolve their disputes. And those courts that don't apply the prudential rule... And the idea is arbitration is supposed to do things more speedily. And how do you get to a speedy arbitration result if you appeal every three or four decisions that an arbitrator makes? Well, that is theoretically possible, but as a practical matter... You're trying to do it right now, some people would say. Not theoretical. I bet the other side is going to stand up and say, it's not theoretical. That's what you're trying to do right now. Well, but they agreed to this. They agreed to the bifurcation. Not to you having the right to take this order up, though. They don't agree to that, unless I'm wrong. If they agreed to it, maybe we can just all step out of here. Let me address the facts of this case and why it is that this case is not brought up. We know the facts of this case. Let me ask you this. Has this order, what you say is all the determination that you need, has that changed anybody's rights? Has it affected anybody's rights at this point? It will. As far as the operation? Not will. I said has. If it goes into effect, it most certainly will affect what you think your rights are. Has anything changed at Black Beauty? Are you hiring differently than you were hiring before this decision? No. So then it has no, this decision at this point, at this point, has had no real world impact on anybody's rights in the workplace? It has an impact on... You have to answer my question. Has it had any impact in the workplace? And I mean by that, Black Beauty's hiring, firing, who they have to consider, whether or not they have to take union members. Have you changed your policy based on this decision or your practice? No, Your Honor, but that is because the MOU expired several years ago, so it wouldn't have, whether... What would be the net effect of this decision then? Well, it could displace people that were hired. Has it done it yet? No, because we have not implemented it. So my point is, so this decision, I'm trying to make sense of why we should take this case or why we shouldn't, and there are arguments on both sides, obviously, but if it doesn't affect the real world rights, why should we take it until everything's done and then take it and consider it as one case? Because, Your Honor, this case, we've accepted the arbitrator's interpretation of a contract. We have maintained from the beginning, even before the arbitration... But you're just telling me reasons why we shouldn't take it. Tell me why we should take it in light of the arbitrator is not through with his work as he sees it, and there's an argument that can be made for that. You want us to do something short of what the arbitrator sees as his final work product. If it doesn't affect anybody in the real world, and by that I mean any rights at that facility, why should we override the general premise, I know this is not a final judgment jurisdiction case, but that final judgment carries with it the idea, let's get to a final resolution so we don't have piecemeal litigation. There may be no need for the arbitrator to address that. I know that, but that's in every summary judgment motion, too. That's in every summary judgment motion. Your Honor, we appealed, we thought we were entitled to summary judgment, and if we're right, there won't be any trial. No, I don't mean because we're right or wrong. I mean because the parties, for example, if the court rules against us on the illegality as interpreted question, then the parties may themselves resolve what the remedy would be, and there would be no need to go back to the judgment. What does the language final and binding mean when it says the statute on enforcement of arbitration rules uses the words district court jurisdiction if the arbitration is final and binding? Doesn't that indicate something of what Judge Shedd is saying, that you should let the arbitrator do his job? That would be a matter for the court to decide. It's how the parties presented the issue, and those circuits in which they do not adopt the prudential rule rely on the parties to decide what they want to do in terms of whether the arbitration decision will be final and binding. What's your best case, precedential case, to say that under a prudential review of this that we should allow an appeal to go forward? Well, the cases out of the Second Circuit are very clear on this. They address the policies that underlie those courts that have rejected or not adopted the prudential jurisdictional review. They're all cited in our brief. The Publicist case, which is a Seventh Circuit case, smart out of the Second Circuit, goes into the policy considerations that Judge Shedd has asked about in great detail and why that circuit has not adopted it. It's one of those cases different from this one in the sense that the arbitrator here actually reserves ruling on the merits, at least in one significant sense, and that is Black Beebe had contended that it was exempt from the jobs MOU by virtue of paragraph 10 of the jobs MOU. And the arbitrator deferred that to the remedial stage. But as I understand it, that seemed to me to be more like a merits question, because if Black Beebe was exempt from the jobs memorandum of understanding by virtue of this paragraph, there'd be no liability on Black Beebe's part, and then the remedial steps would be unnecessary. But isn't that a merits liability question rather than a remedial question that the arbitrators reserve? No, Your Honor, it's not, because, first of all, that exemption had to do with contractors, not with Black Beebe's own employment. That's what triggered this case, because the union complained that contractors on the property were not hiring their members. Well, that's your view, but how do we know that this was—you say there's an exemption, but— To that. There's not an exemption if Black Beebe itself were making the hires. Okay, but the point is that's a merits-related issue, is it not? No, that's a remedies issue, Your Honor. In fact, the union itself acknowledged that in the jobs monitor's decision, joint appendix page 69, the jobs monitor noted that— Well, let me find out a little more. Because it was not clear to me in reading the briefs or the record, is the remedy with regard to the Black Beauty contract, is that a remedy that would eliminate any damages on behalf of—that would be owed by Black Beauty, so that, in effect, it's an affirmative defense to any liability, or would it only be a partial remedy defense? It would be a partial remedy because Black Beauty itself has employees and conducts operations and has done so during the same period of time. So if the contractor or grandfather— So it could be liable under the arbitration decision, even if the contract portion that we're discussing eliminated some liability, there still could be other liability? Correct, Your Honor. So there is— It would eliminate some liability. It would eliminate some liability if the parties either agreed or it went back to the arbitrator on that issue. It would eliminate, potentially, a liability for the employees at the—and even there, it's a grandfather. It's not any contractor. So your position is that that issue is not an affirmative defense to liability. It's only a measure of damages. Correct. This affects— Correct. And the practical reason why this case should not be remanded is the issue before this court, and it's been fully briefed, was fully briefed before the district court, is simply one of, is this contract the way the arbitrator interpreted it? Unlawful. Can this court enforce that contract? The arbitrator doesn't have the authority to address that issue. It's already been addressed by the district court in the negative, and so we're seeking review of that issue here. It's fully briefed. It's before the court. We'll get to that eventually, would we not? Eventually, but in terms of the party's decision as to how to allocate their resources— But that's always the case in a decision that, you know, we'd like the answers to this part of the case sooner rather than later. But this is different because the legal issue that the parties bifurcated the case— It's not any different in a number of cases. The court has ruled against us on this point, but we do have some way to defend against it. It's just a question of law. You rule on questions of law. Go ahead and do it. We let district courts rule on questions of law and let them finalize because you know what? Sometimes just the argument in front of the district court on the question of law gets settled with the settlement of the whole case, and we never hear it. It seems to me this is almost typical kind of case we would get, and we would call it interlocutory. It seems to me that's what it is really, and to me it hinges on the fact nobody's status quo has not changed at all. It's not been affected at all. The difference we see, Your Honor, and I appreciate the considerations. Those are the considerations that the circuit courts have had to address in allocating sort of the balance of whether— Let me say, if you want to answer that question later, I see your time's run out and you've reserved some, I don't mind if the chief judge— Yeah, you've reserved some time. We'll hear from you. If I could ask one more question. Certainly. We do have interlocutory appeal when it's certified by the district court. I'm wondering whether the conundrum that's presented by this case could be resolved, particularly in the labor setting where you do have fairly common arbitrations. I mean, the parties, I would think, could serve a provision in the arbitration contract that would clearly say whether or not it was their intention at a specific point to raise a legal question as opposed to submitting the entire proceeding to a single and final arbitration. Couldn't by contract they, in effect, create an interlocutory appeal? It probably wouldn't be done very often, but couldn't the parties do that? Well, we thought that that had been done, not as clearly as possibly could be done, but the jobs MOU itself says any decision by the arbitrator is final and binding, and the parties bifurcated the case. You don't believe that, though. You don't believe that at all. If he said, we're going to meet on Tuesday, that's my final word, you don't think that's appealable, do you? Everything's appealable, Judge. No, no, it's not. It's just a point. No, no, no. You can file papers, but that doesn't mean we allow you to appeal. Well, that's correct. You make that final decision. I want to get back to Judge Agee's question, which I thought was a very good one, and that is, isn't this a problem that can be resolved? And Judge Shedd's question was talking about it also, about whether the parties would or wouldn't agree to bifurcate in the future. And Judge Agee's question seemed to me to be heading in the same direction, and that is, isn't this whole problem one that can be resolved contractually by agreeing to arbitrate only part of a controversy? I don't think you need, you know, there's freedom of contract principles which seem to suggest that you are at liberty to submit as much or as little of a case as you want to arbitration. That's just a part of labor negotiations. And I suppose you could provide for an interlocutory appeal, and we'll see, you know, how that would do. But I don't understand why the whole issue can't be resolved at the negotiating table through the basic principle of freedom of contract. You don't have to go to arbitration unless you contract an insert. Well, that's correct. The problem is that once you do go to arbitration, none of the language that the parties could come up with could solve the court's concern about piecemeal litigation. We could say in the contract maybe more plainly. Well, but the policy against piecemeal litigation has to coexist with the policy of freedom of contract. And the court has said, you know, the courts have no authority to push somebody into arbitration if they haven't agreed to it. And you don't need necessarily to agree to it, do you? You could agree. If you could agree to bifurcate, you could agree to have only one part of something resolved by arbitration. Why not? I mean, isn't Judge Agee's suggestion a possible solution from your point of view? In the real world, it would not be, Your Honor. Why not? Because how would you then resolve damages or remedy if you only just inserted in the contract on the determination of liability by the arbitrator, parties may take such appeal as they deem appropriate prior to any submission of remedy to the arbitrator. And they have X amount of time to do it. But in a way, we've done that because we've had any decision of the arbitrator. If you'd written that sentence into your agreement, we probably wouldn't be having the argument we've had this morning. To me, Your Honor, it just makes more obvious what's already there. Well, just let me say, apparently, from the questions, it doesn't make it so obvious to us, does it? I've never seen that in a contract. So it would launch a whole new wave of collective bargaining. By the way, let me say this. I just want to make it clear to all this. And I would add, in addition, I think I would add, for prudential reasons, in addition to the right to contract, I would still be concerned about any preliminary decision or not complete decision which affects current rights. In other words, if based on the arbitrator's decision one, a party had to change their position or their practice legally, I think that might make a basis for a prudential review as well. I just throw that in, and you'll have a chance to respond later. All right. We have here the other side of this case from Mr. Treanor. Good morning, and may it please the Court. My name is Arthur Treanor, attorney for the Mine Workers. I think we've quickly gotten to the heart of the matter here, and I appreciate the opportunity to address this issue. As you know, we did not cross-appeal on the district court's decision on jurisdiction. But that was not because we abandoned the decision. We abandoned the position on jurisdiction. If we were to reject the appeal as piecemeal, we'd have to vacate the district court's decision. Yes, that's correct. I mean, because if we don't have jurisdiction, the district court certainly. On jurisdiction, if we can't entertain the appeal, district court should not have entertained the appeal from the arbitration. That's correct, and we believe that that would be the appropriate outcome. Unfortunately, it would probably cause— well, I wouldn't say it would cause, but it certainly wouldn't help the fact that this case has been going on for eight years now, and that's the problem with piecemeal litigation. This case is the poster child for the problems that can be caused by piecemeal litigation and, frankly, the abuse of the parties' agreement to bifurcate, which has important purposes in the context of labor arbitrations, but it's certainly not to allow for piecemeal litigation. The basic principle you're arguing for is if the parties agreed to submit a matter to arbitration, then we should let the arbitrator do its job. Correct, Your Honor, and that's the— That's what's at the heart of it. Yes, Your Honor, and I think— Not just half of its job or two-thirds of its job, but its whole job. There's a problem if we continually get piecemeal for the reasons my colleagues had suggested. We'd also be getting a lot of appeals where we'd be weighing prudential considerations, and I don't know what the criteria for doing that is, and it seems to me at least a little cleaner to have a presumption that if you agree in a free contractual world to submit a controversy to arbitration, there's nothing unjust about letting the arbitrator do its job. I don't know how much longer this thing is going to drag on if we do all sorts of piecemeal stuff. I agree, Your Honor. It's already gone on too much, and I think that what you've just articulated is consistent with the general presumption in favor of labor arbitration that the courts have pushed for many years. They've developed a system for resolving labor relations that keeps these disputes out of the courts, and this type of piecemeal litigation is— No, wait, wait, wait one second. I've tried to do—is there any time frame on when there has to be a final, final decision in this case from the arbiter? There's no time frame, no, Your Honor. Well, then, but wouldn't you think there's some circumstances at which the courts just can't arbitration go on forever? Yes, Your Honor, and I think that you hit the nail on the head in drawing an analogy to the collateral order rule, the collateral order doctrine in 28 U.S.C. 1291, where you were really getting to the heart of the issue when asking, are anybody's rights affected at this point? Yes, I was going to ask you just that question. While you're here today arguing that we should not prudentially take this appeal, you think we have subject matter jurisdiction, don't you? Subject matter jurisdiction. I believe under 301 there is subject matter jurisdiction. Right, so we have subject matter jurisdiction. So it's a question of whether prudentially we would take the case, right? As a matter of judicial administration, whether it makes sense to do things this way. For your administration of the courts and for our administration of our contracts, it doesn't make sense for either, from either perspective, to do it this way. So your answer would be yes? Yes, Your Honor. Okay, I thought so. Now—this may finish this, if I may—but you can envision, can't you, circumstances under which you could be in here asking us to prudentially consider something an arbitrator has done before the arbitrator is completely finally through. You can envision that, couldn't you? Yes, Your Honor. And every one of the examples that I've come up with, as I've mulled it over in my mind, fits neatly into the analytical framework that's used in 28 U.S.C. 1291. The Supreme Court has said that an interlocutory appeal is permitted if the outcome of the case would be conclusively determined by the issue, the matter appealed was collateral to the merits, and—this gets to your point—the matter was effectively unreviewable if immediate appeal were not allowed. I think it would maybe even go further than that. That is, if the arbitration may be proceeding for another year or two by everybody's estimation, but there's been some determination that substantively changed the rights of your members so that in the intervening time your members lost rights that you knew they should not lose, you would want us to take that, wouldn't you? Yes, Your Honor, and I think that an employer should have the same right. Okay, that's my point. And how is it that you argue that this is not a jurisdictional rule? I'm inclined to agree. What is your—how do you—I just want to understand how you're getting to the point that it's prudential rather than jurisdictional. I'm inclined to agree with that, but I want to know how you, as a matter of law, get there. Well, I share my colleague's observation that none of the cases that we've cited in our briefs find that a court lacks subject matter jurisdiction under 301 for review of arbitration awards. But I also— Even though there's a word, final and binding? That's the way—the courts have interpreted final and binding to mean, in some cases, a decision that might only resolve liability but not damages. Other courts have found that you need a complete resolution of everything in order for there to be a final and binding decision. But to be quite candid with you, Your Honor, I looked at a Third Circuit case which said that the distinction between prudential standing or prudential jurisdiction or actual statutory jurisdiction doesn't really matter practically because the courts are looking at the same questions. Whether you're doing it prudentially or jurisdictionally, what's going to figure in is going to be the same policies revolving around piecemeal jurisdiction and whether actual rights are affected or whatever. Absolutely, and that's why I didn't focus too much on the distinction. I thought you were going to say 1291 talks about appeal from a final judgment. Final judgment for the appeals court to take jurisdiction, and there's no final judgment requirement in the act as far as reviewing of a labor decision. I thought that's what you were going to say. I thought that makes the distinction. We have to have a final judgment unless there's some exception. Yes, correct. For review of a district court order, there's no final judgment requirement for appeal from an arbitrator's decision in the labor case, is there? No. I thought that's the distinction if courts point to one because one, we look to how do we have jurisdiction over a case in a district court? There's a final judgment that gives us jurisdiction. There is no such requirement to review an arbitrator's decision, right? That's correct, except that the word must be final and binding, and the courts have interpreted that to mean different things, and then in the prudential context, you look just at the practicality. It may turn out to be the same thing, but I thought that's the distinction between jurisdiction and prudential. Yes. There had to be a final judgment as we normally have on a 1291. We would not have jurisdiction in this case. Unless there's certification of interlocutory appeal. Fine. So not that this obviously isn't a direct issue in this case because the provision is not the arbitration contract, but if the parties included a provision that said the conclusion of the final determination of liability, this is a final and binding award, a separate part from the remedies, and the parties may make whatever legal arguments as to the invalidity of the decision they wish to. Would that resolve the question that we have today? Yes, Your Honor. It's a separate question of whether anybody would agree with that. I believe it would, although the courts would still have the authority under their ability to control their jurisdiction for prudential reasons. It would still be a prudential determination as to whether or not to take that, but it would certainly eliminate the question of whether or not the party's intent was. Absolutely. And if you carried it in, if you allow one amendment to that provision to say neither party will contest the court's ability to hear such a determination. Yes. And, Your Honor, in fact, we have... The courts still decide their own right to hear it or not, whether it would do it prudentially, but we wouldn't have two parties here, one arguing that we shouldn't. You waived a challenge. But what you're saying is that the follow-up on what Judge Agee suggested, that there's a lot of this problem that can be resolved contractually because one of the prudential considerations is whether the parties themselves contemplate it. Absolutely. And in the absence of such language, I think this is an important point. In the absence of such language, which parties can contract to include, what you're left with is the general presumption that's been pushed very aggressively by the Supreme Court, appropriately so in labor cases, that disputes should be resolved through arbitration as it's the most efficient way of resolving these disputes. And so unless you've got that kind of clear language, that presumption should control and should inform the prudential analysis. Now, the opponent made the point when we brought this up to him that, well, contracts just aren't done this way, and this would revolutionize labor negotiations to have... ...a provision saying that liability issues should be resolved by the arbitrated remedial issue should be resolved by the courts or allowing an interlocutory appeal to be lodged. I disagree. Contracts just aren't done this way. He says, I haven't seen any contracts like that. Well, what's your response? I haven't seen a contract with that exact language, but the agreement that we have with Heritage Coal, our national agreement that we have with most of our coal operators, I want to be clear that it's not the jobs MOU that we have with Peabody and Black Beauty, but in the national agreement, we have a provision that says that the parties can go directly to federal court and bypass the arbitration procedure altogether in cases involving successorship. We also have a provision that says that the parties will resolve, I'm quoting it nearly verbatim, I believe, the parties will resolve all disputes arising under this agreement without resort to the courts using only the machinery of the agreement and free collective bargaining. So that provision, I think, says that we go through arbitration, we don't go to the courts. Now, of course, there are situations concerning questions of arbitrability where you would go to the courts. You can contract away your right to seek judicial enforcement or to contest the arbitration award in court. Yes, or you could constrain it. You could say that it should only happen after we have a complete arbitration. You could say neither party will contest the arbitration award or seek to appeal the arbitration award in court. Not only can we, but we have contracted with employers to govern when and under what circumstances we'll go to court. The point is the overarching principle here is your ability at the negotiating table to construct the framework of the arbitration the way you want to do it. Now, again, we may not be bound by that because we have an independent interest in avoiding piecemeal adjudication. So we're not obliged to accept it, but certainly it adds a significant weight to the scale that isn't present here. Agreed, Your Honor. And I think that when looking at whether such language exists in the contract, that examination shouldn't be done in a vacuum. It should be done against the backdrop of the general presumption in favor of arbitrability so that it should be presumed that you should get to a final arbitration resolving all issues. Are you arguing that the general presumption in favor of arbitrability ought to always fit your end to the prudential calculus? Yes, Your Honor. And so that if you're going to find language, the absence of any language leaves the presumption undisturbed is what I'm saying. Do you also, sir, and say, no real-time, real-world rights have been affected yet in this case? Yes, Your Honor. That's absolutely correct. And anything that has happened can be addressed either by remedial action, remedial orders, damages, or whatever. And it would be much better to do it that way. And, in fact, that's the way— I meant that. Oh, yes. I should say yes. Yes. And now you want to say it would be better to do it— It would be better to do it that way, and that's the way we intended to do it here. When we bifurcate— Let me, if I may, say a thing about— So my point is you wanted— you saw it as a whole process to get through all the determinations to get to the final determination to see where you stood. Yes. And then you could argue or appeal or talk about any adjustments maybe that should have maybe have been made to make it exactly the proper answer to the whole question. Absolutely. Yes, Your Honor. And in this case, when we agreed to bifurcate, as we often do—it is true. And, by the way, we want to hold on to the ability to bifurcate cases. When we agreed to bifurcate, we didn't give license to be dragged into the courtroom all the way up through the district court into the appeals court two or three times. Now, this is the second time in this case we've been here. And if— Well, we're putting aside you're glad to see us. Yes.  No complaints, Your Honor, but I just don't think it's the best way to resolve labor relations disputes. And it's inefficient for the employers and the company. And I think in this case— Let me see if I understand your argument. Yes. If you win, that may well mean less work for us. That's correct on this jurisdictional argument. That's correct, Your Honor. Let's say you get—for purposes of argument, we'll assume that we determine for provincial reasons that this appeal should not be heard. It's dismissed. So you go back, you go through the remedies, and what remedies would your clients be entitled to? They would be entitled to the job opportunities they were promised. So three out of five positions at Black Beauty should go to our pool of laid-off minors. And to the extent that they have not— that the company has not honored that obligation going back eight years, there are back pay monetary type— there's back pay relief available. If the arbitrator should find that back pay is appropriate. So at that point, if the plaintiffs, the appellants here, came back and were successful, say, on their Section 8e argument, that would simply eliminate any remedy. Yes. That's the judgment. The arbitrator's decision is the liability with their people. That's correct. Now, let me—separately, the—I took it from your briefing that you took the position that, with regard to Black Beauty, that whatever damage is there were, in effect, an affirmative defense to liability, not a partial reduction in damages. You're looking at the contractor issue? Yes. Generally, yes, but there is a concern I have. If the arbitrator— Well, tell me this. Is whatever you've raised with regard to the contractor issue, is that an issue—your opposing counsel says it's not an issue that gives them an affirmative defense to liability. It's only a partial defense to damages as a remedy. Do you agree with that? I do, but with a caveat. I agree in characterizing it as an affirmative defense that gets to the amount of damages as a remedial issue. However, if the arbitrator, as part of his order, says that the employees of the contractor need to leave the work site because the jobs that they're holding should have been offered to our laid-off employees pursuant to our agreement with Peabody and Black Beauty, I don't know whether the employer or the contractor might come back and say that there is a new AD allegation having to do with the impact of this agreement on United Minerals, the contractor, as another third party. So I don't know whether we would be back here again on another AD allegation, and I fear we would. Well, the point for the court's consideration, as I see it, from a prudential standpoint is that if the parties agree that whatever the contractual issue with Black Beauty is, is not an affirmative defense to liability, that takes this case in a different direction because if it were an affirmative defense to liability, then I think your argument would be stronger because you would not have a final decision as to liability. Right. But I'm assuming from your answer and opposing counsel's answer that's not the case. No, I understand how it would benefit the argument, but I have to concede that I believe it only does get to remedy. But I think it's important to note that that could give rise to another defense, which is I guess it's a defense. It would be a defense as to liability to the extent that a claim that the arbitrator's order. The AD argument would have to be a defense to liability. That's probably your strongest argument. But it would be a different AD argument than the one that's now before this court and was before the arbitrator because the AD argument now before us is whether it's a secondary boycott to involve Peabody, a contracting party. The other AD claim that could potentially be out there would go to whether there's a secondary boycott that affects United Minerals' third-party contractor. Given the fact of the arbitrator's ruling as to liability, is there any possibility that a case like this would settle on the issue of damages? I mean, because that would be another prudential consideration that would argue in favor of allowing arbitrators to resolve an entire issue because, you know, we're talking about back pay awards. Monetary rewards are always – money is always a ripe subject for compromise. And, you know, maybe you could – on the rights as to who gets employed and who doesn't. I mean, it seemed to me the case presents a lot of opportunity for splitting the difference. Your Honor, I'm so happy to field that question as my time is running out because that's what I was trying to get to earlier. I've been fielding a lot of great questions, so I don't believe any of it's been wasted. But that's another main point I want to make is that when we agreed to bifurcate this case, it was to allow just for that type of negotiation over a potential remedy. And the record reveals that. And, in fact, it's in the company's brief on jurisdiction. I believe it's on page 12 where our agreement to bifurcate is set forth in the footnote. And my colleague who handled this arbitration case said, yes, we agreed to bifurcate so that we can maybe negotiate after a decision on liability. We can negotiate an appropriate remedy and come back. That's why we bifurcate, and that's why bifurcation is important. And it's also why courts should not read an agreement to bifurcate. Maybe you can settle this case after argument before we issue an opinion. I'm trying. Somehow I doubt that. We want to bifurcate. We want to be able to bifurcate so that we can go back and negotiate, but we don't want our agreement to bifurcate to be construed by the courts or by anybody else as an agreement to go up and down the judicial branch waiting eight years for a decision. I'm not making any point other than the fact that damages, monetary damages and also employment rights and things, there's a lot of room for play in the joints on that and compromise more so perhaps than liability. And so I can see from that standpoint that it is a prudential consideration to allow the parties to negotiate rather than litigate their remedial phase in a premature form. That's all I'm saying, nothing more. And I think I understand. That wouldn't cut against them, the idea that for prudential reasons you would not want to take them on. I'll let you say thank you, Your Honor, and sit down is what I thought you might say. Thank you, Your Honor. Let's hear from you, sir. Well, I will make it brief. I think I understand the panel's consideration of the issue from the questions, at least, and the fact we haven't been able to address the merits of the AD issue. We have said even before we went to arbitration, the employers here have maintained that we're not covered by this agreement but it violates federal law. We went to the district court on that issue, asked her to decide it. She said, well, the arbitrator hasn't ruled that that's what it means. She sent us back and we got the, we bifurcated, we got that decision that, in her view, it doesn't violate AD or it does violate AD except the offending employer caveat saved the day. So when you think about this and reflect on whether this case should be barred from appeal at this point, if you decide on a complete arbitration standard for this circuit, it would be important to note that even in those circuits where the courts have favored that approach, there are legions of cases where, in fact, they did adhere the merits prior to the complete arbitration. And I do submit that this is a case that, even under that rule, at this point, at this juncture, would be appropriate for the court to go ahead and rule on the merits. Very interesting AD issue. There's no doubt about that. There were a hundred other arbitrations pending across the country that involved the same issue. Traditionally, it might be a little different. But as far as I know, that's just you all. Exactly right. And moreover, we've been trying to get this issue resolved since 2008, since the issue was raised. And we still aren't there, and we would like to have it raised. I think I understand Judge Wilkinson's real-world view that a lot of these things can get settled. These parties have been able to settle it because this is the bull of the China shop. Either we have an issue or we don't have an issue. And so I think, under those facts, that this would be a case for the court to go ahead and rule on it, as other circuits have done in certain cases, even applying the prudential rule. Because otherwise, I suspect the odds will be back again, but after having gone through a long process. Well, maybe so, maybe not. You know, sufficient under the day. Thank you, Your Honor. All right, we thank you, and we will come down and greet counsel. And then we will take a brief recess.
judges: J. Harvie Wilkinson III, Dennis W. Shedd, G. Steven Agee